# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JARED MATTHEW SANCHEZ | CIVIL ACTION NO. 05-1393-L |
| VS. | SECTION P |
| SID HEBERT, ET AL. | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by *pro se* plaintiff Jared Matthew Sanchez on August 1, 2005 pursuant to 42 U.S.C. §1983. At the time of this filing, plaintiff was incarcerated at the Iberia Parish Correctional Facility in New Iberia, Louisiana.

The complaint was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED** for failure to prosecute pursuant to FRCP Rule 41(b) and LR41.3W.

## STATEMENT OF THE CASE

Plaintiff filed his complaint and a motion to proceed *in forma pauperis* on August 1, 2005. [Docs. 1 and 2] On August 19, 2005 plaintiff was granted *in forma pauperis* status and an order to that effect was mailed to him at the address he supplied with his pleadings. [Doc. 3] On September 1, 2005 the order granting *in forma pauperis* status was returned by the United States Postal Service with the notation "undeliverable ... not at facility." [Doc. 4]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of

the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** for failure to prosecute pursuant to FRCP Rule 41(b) and LR41.3W.

Under 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on January 3, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)